IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD J. DELPRATO, JR., )
    Plaintiff, )
)
vs. ) Civil Action No. 10-667
) Judge Lancaster
DAY CHEVROLET, INC., ) Magistrate Judge Mitchell
    Defendant. )
)

## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the motion to dismiss the Amended Complaint submitted on behalf of Defendant, Day Chevrolet, Inc. (Docket No. 12) be granted.

II.    Report

Plaintiff, Bernard J. Delprato, Jr., proceeding pro se, brings this civil rights action, alleging that his former employer, Day Chevrolet, Inc., terminated his employment because he helped buy a personal car for his family, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and his right to equal protection under the Fourteenth Amendment to the United States Constitution.

Presently before this Court for disposition is a motion to dismiss the Amended Complaint, brought by the Defendant. For the reasons that follow, the motion should be granted.

Facts

The Amended Complaint alleges as follows:

> Day Chevrolet, Incorporated violated my civil rights, Title VII of the Civil Rights Act in the 14th Amendment, when they fired me for helping to buy a personal car for my family. Day Chevrolet has stated that buying or selling a vehicle for personal gain is a firing offense. However, this is [a] rule that is not consistently

> or equally applied to all employees.
>
> One such employee that was treated better than I, is Day Chevrolet's sales person Ken Mashraky. Mr. Mashraky bought a 2003 Chevrolet Corvette Convertible from a potential Day Chevrolet customer Mr. Larry Canabbio. I have an affidavit from Mr. Canabbio that supports that fact. Said affidavit is attached as Exhibit A. Mr. Mashraky also had this same Corvette offered for sale in a private ad on Auto-Trader.Com as of May 20, 2010. Said copy is attached as Exhibit B. Mr. Mashraky is also a current long time employee of Day Chevrolet. He happens to be of Arab or Middle Eastern dissent [sic]. Day Chevrolet treated Mr. Mashraky better than they treated me. They had no problem with him buying and selling a personal car for his personal gain however, I got fired for the same thing. Mr. Mashraky and I are of different races. Mr. Mashraky was treated differently than I. He was allowed to buy and I was fired. That violated my 14th Amendment rights specifically Title VII of the Civil Rights Act.
>
> I respectfully ask the Court to please consider these facts and grant me a judgment against Day Chevrolet, Incorporated for the amount of $140,000.

(Am. Compl. at 1.)[1] Attached to the Amended Complaint is a statement by Larry Canabbio, stating that he sold Day Chevrolet salesperson Ken Mashraky his 2003 Corvette Convertible because Day Chevrolet would not pay him the price he wanted for the car. (Am. Compl. Ex. A.) In addition, in his response to the motion to dismiss, Plaintiff has attached a statement by Andrew Mulheren, who indicates that he worked for Day Chevrolet from February to August 2008, that he advertised and sold his 1994 BMW privately on Day Chevrolet property while working for Day Chevrolet for his personal gain and that "[u]pper management had no problem with me selling my car while working there for my personal gain." (ECF No. 18 Ex. C.)

Procedural History

Plaintiff filed an initial complaint on May 18, 2010. It was only one page long and it asserted that a representative of Day Chevrolet had violated his Fourteenth Amendment rights by

---

[1] ECF No. 11. In his response to the motion to dismiss, Plaintiff indicates that he was fired

telling the Pennsylvania Unemployment Compensation Benefits Referee that his purchase of a personal vehicle was a firing offense. On August 11, 2010, Defendant filed a motion to dismiss. In response, Plaintiff filed an Amended Complaint on September 10, 2010. As quoted above, the Amended Complaint asserts that the rule to which Day Chevrolet refers is not consistently applied, because other employees of different races bought and sold cars for personal gain but were not fired. Thus, he asserts that he was subjected to disparate treatment in violation of Title VII and the equal protection clause of the Fourteenth Amendment. On September 15, 2010, Defendant filed a motion to dismiss the Amended Complaint.

Standard of Review

The Supreme Court has recently stated that:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

---

in October 2008. (ECF No. 18 at 3.)

relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Defendant argues that: 1) the Title VII claim should be dismissed because Plaintiff did not exhaust his administrative remedies prior to bringing his claim for relief; 2) the complaint fails to state a claim upon which relief can be granted because it cites the Fourteenth Amendment but Day Chevrolet is a private, non-governmental corporation, not a "state actor"; and 3) the Amended Complaint fails to conform to Federal Rules of Civil Procedure 8, 10 and 11. Because the first two arguments are availing, the Court need not reach the third argument.

Exhaustion of Administrative Remedies

Title VII requires plaintiffs to exhaust administrative remedies prior to bringing suit in court. 42 U.S.C. § 2000e-5(e)(1). Defendant argues that Plaintiff's failure to file an administrative claim with the Equal Employment Opportunity Commission (EEOC) is a jurisdictional prerequisite to bringing his case in federal court. However, the Supreme Court has held that "the filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (footnote omitted). The Court of Appeals for the Third Circuit has held that failure to exhaust administrative remedies at all, like failure to timely exhaust administrative remedies, is a prudential, not a jurisdictional requirement. Wilson v. MVM, Inc., 475 F.3d 166, 176 (3d Cir. 2007).[2]

---

2   Defendant states that there is "no precedent directly on point" to address whether a motion to dismiss for failure to exhaust administrative remedies should be made under Rule

4

Nevertheless, it is still a prerequisite to bringing suit. In <u>Wilson</u>, the Court of Appeals stated that:

> merely because exhaustion requirements are prudential does not mean that they are without teeth. Even prudential exhaustion requirements will be excused in only a narrow set of circumstances. At oral argument, appellants claimed that this case presented one of those narrow sets of circumstances and argued for application of the futility exception. In order to invoke the futility exception to exhaustion, a party must "provide a clear and positive showing" of futility before the District Court. <u>D'Amico [v. CBS Corp.]</u>, 297 F.3d [287,] 293 [(3d Cir. 2002)]. This is the first time the appellants have made this futility argument with regard to their claim against the federal defendants. In their complaint, the appellants alleged that they had attempted to appeal their termination and, because of a poor response to their attempts, any further efforts to exhaust administrative remedies would have been futile. While it is true that the appellants made some attempts, their failed attempts were directed at MVM, not the USMS. The appellants never brought a claim against the USMS before the EEOC and have made no argument as to why they failed to do so. They have not brought forward any evidence of futility, let alone the "clear and positive showing" we require. <u>Id.</u> at 293. Therefore, the District Court's dismissal of their RA claims was appropriate.

<u>Id.</u> at 175-76.

Plaintiff has submitted a response to the motion to dismiss, in which he refers to the Equal Pay Act, 29 U.S.C. § 206 (EPA), and states that "An individual alleging a violation of the EPA may go directly to court and is not required to file an EEOC charge beforehand." (ECF No. 18 at 2.) However, as Defendant observes, Plaintiff's reference is irrelevant. In order to maintain a claim under the EPA, a plaintiff "must first establish a prima facie case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work'-work of substantially equal skill, effort and responsibility, under similar working

---

12(b)(6) for failure to state a claim upon which relief can be granted or under Rule 12(b)(1) for lack of subject matter jurisdiction, and it cites cases that ultimately trace back to <u>Davis v. North Carolina Department of Corrections</u>, 48 F.3d 134, 138-39 (4th Cir. 1995). However, <u>Wilson</u> is the case on point and it rejects <u>Davis</u>. 475 F.3d at 174-75.

conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dep't of Health & Social Servs., 865 F.2d 1408, 1413-14 (3d Cir. 1989)).

Plaintiff does not complain about unequal pay based on his gender (he does not discuss pay at all and the individuals to whom he compares himself--Larry Canabbio and Andrew Mulheren--are both men). Rather, he alleges that he was terminated for allegedly violating a company policy, which constituted unequal treatment based on his race because the policy was not uniformly applied to all employees. Assuming that these allegations state a claim, it would have to arise under Title VII and the administrative exhaustion requirement applies. Because Plaintiff never filed a charge with the EEOC and has made no relevant argument as to why he failed to do so, his Title VII claim should be dismissed.

Lack of State Action

Plaintiff also purports to state a claim under the Fourteenth Amendment for violation of his right to equal protection. Suits to enforce constitutional rights are brought pursuant to 42 U.S.C. § 1983. Abbott v. Latshaw, 164 F.3d 141, 145 (3d Cir. 1998). Defendant moves to dismiss Plaintiff's equal protection claim because it is a private actor.

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." As these words indicate, the provision applies only to "state actors," not private citizens or private, non-governmental corporations. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 939 (1982). As summarized by the Court of Appeals:

> a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law. 42 U.S.C. § 1983. As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). The color

conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dep't of Health & Social Servs., 865 F.2d 1408, 1413-14 (3d Cir. 1989)).

Plaintiff does not complain about unequal pay based on his gender (he does not discuss pay at all and the individuals to whom he compares himself--Larry Canabbio and Andrew Mulheren--are both men). Rather, he alleges that he was terminated for allegedly violating a company policy, which constituted unequal treatment based on his race because the policy was not uniformly applied to all employees. Assuming that these allegations state a claim, it would have to arise under Title VII and the administrative exhaustion requirement applies. Because Plaintiff never filed a charge with the EEOC and has made no relevant argument as to why he failed to do so, his Title VII claim should be dismissed.

Lack of State Action

Plaintiff also purports to state a claim under the Fourteenth Amendment for violation of his right to equal protection. Suits to enforce constitutional rights are brought pursuant to 42 U.S.C. § 1983. Abbott v. Latshaw, 164 F.3d 141, 145 (3d Cir. 1998). Defendant moves to dismiss Plaintiff's equal protection claim because it is a private actor.

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." As these words indicate, the provision applies only to "state actors," not private citizens or private, non-governmental corporations. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 939 (1982). As summarized by the Court of Appeals:

> a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law. 42 U.S.C. § 1983. As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). The color

conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000) (citing E.E.O.C. v. Delaware Dep't of Health & Social Servs., 865 F.2d 1408, 1413-14 (3d Cir. 1989)).

Plaintiff does not complain about unequal pay based on his gender (he does not discuss pay at all and the individuals to whom he compares himself--Larry Canabbio and Andrew Mulheren--are both men). Rather, he alleges that he was terminated for allegedly violating a company policy, which constituted unequal treatment based on his race because the policy was not uniformly applied to all employees. Assuming that these allegations state a claim, it would have to arise under Title VII and the administrative exhaustion requirement applies. Because Plaintiff never filed a charge with the EEOC and has made no relevant argument as to why he failed to do so, his Title VII claim should be dismissed.

Lack of State Action

Plaintiff also purports to state a claim under the Fourteenth Amendment for violation of his right to equal protection. Suits to enforce constitutional rights are brought pursuant to 42 U.S.C. § 1983. Abbott v. Latshaw, 164 F.3d 141, 145 (3d Cir. 1998). Defendant moves to dismiss Plaintiff's equal protection claim because it is a private actor.

The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." As these words indicate, the provision applies only to "state actors," not private citizens or private, non-governmental corporations. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924, 939 (1982). As summarized by the Court of Appeals:

> a suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law. 42 U.S.C. § 1983. As the "under color of state law" requirement is part of the prima facie case for § 1983, the plaintiff bears the burden of proof on that issue. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254, 101 L.Ed.2d 40 (1988). The color

> of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law. Versarge v. Township of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir.1993).

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

Day Chevrolet asserts that it is a private, non-governmental corporation and Plaintiff has not responded to challenge this assertion. Therefore, he cannot maintain a claim that this non-state actor violated his civil rights and his equal protection claim should be dismissed.

Plaintiff acknowledges that "at will employees can be fired at will." (ECF No. 18 at 4.) In fact, under Pennsylvania law, an at-will employee "may be terminated for good reason, bad reason, or no reason at all." Krajsa v. Keypunch, Inc., 622 A.2d 355, 358 (Pa. Super. 1993) (citations omitted). Employees cannot be terminated for a discriminatory reason, but to bring a claim alleging discriminatory treatment, the employee must exhaust his administrative remedies first. Because he has failed to do so, Plaintiff cannot maintain his Title VII claim. In addition, he cannot rely upon the Equal Pay Act because his allegations do not concern unequal pay based on his gender. Finally, he cannot maintain a claim under the equal protection clause against a private, non-governmental corporation.

For these reasons, it is recommended that the motion to dismiss the Amended Complaint submitted on behalf of Defendant (Docket No. 12) be granted.

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: November 29, 2010

cc: Bernard J. Delprato, Jr.
 116 Collingwood Place
 Monroeville, PA 15146